FILED
U.S. District Court
District of Kansas
10/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3374-JWL**

**E. MONTGOMERY,**

**Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas pretrial detainee Malik W. Dorsey brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the Saline County Jail ("SCJ") in Salina, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 3.) The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in this order. If he fails to do so, this matter will be dismissed without further prior notice to him.

## I. Nature of the Matter before the Court

Plaintiff names SCJ Officer E. Montgomery as the sole Defendant in this matter.[1] (Doc. 1, p. 1.) As the background of the case, Plaintiff alleges that he requested a Bible and, at 12:41 p.m. on April 24, 2026, Defendant responded that she was aware of his request but "not at this time."

[1] The Court notes that Plaintiff has filed another case in this Court that raises a similar claim against the same Defendant. *See Dorsey v. Brandt, et al.*, Case No. 26-3358-JWL, Doc. 1, p. 2 (asserting First and Third Amendment claim against "Montgomery" for responding to Plaintiff's request for a Bible on April 20, 2026 by stating that he "can't have a Bible until it was approved"). The Court reminds Plaintiff that the Federal Rules of Civil Procedure state: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Because E. Montgomery is the only Defendant in this case, Plaintiff may choose to file an amended complaint that contains all of his claims against Ms. Montgomery. In the alternative, the Court may later choose to join claims against this Defendant that are raised in other cases to this case. *See* Fed. R. Civ. P. 42(a).

*Id.* at 2. The sole count of the complaint asserts that Defendant's response violated Plaintiff's rights under the First and Third Amendments. *Id.* at 3. Plaintiff further explains that Defendant told him "the [captain] is aware we are not giving you a Bible." *Id.* at 4 (all errors in original). Plaintiff does not specify the relief he seeks in this case and he has failed to sign the complaint. *Id.* at 6.

## II. Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).The applicable screening standards are set forth in detail in the M&O and will not be repeated in full here. (*See* Doc. 8, p. 3-4.) It is sufficient to again note that during the screening, the Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Discussion

This case is subject to dismissal because the sole count fails to state a plausible claim that Plaintiff's First or Third Amendment rights were violated. The Third Amendment states: "No Soldier shall, in time of peace be quartered in any house, without consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. Amend. III. In the absence of any explanation from Plaintiff about how the denial of a Bible violated the Third Amendment, the

Court concludes that the complaint fails to state a plausible Third Amendment claim. Thus, Plaintiff's Third Amendment claim is subject to dismissal.

Plaintiff's First Amendment claim, however, can be liberally construed as asserting a violation of the First Amendment's Free Exercise Clause, which "protects religious exercises." *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.

Plaintiff's failure to allege specific facts is fatal to his First Amendment claim. Even liberally construing the pro se complaint, Plaintiff does not explain *how* Defendant telling him that he would not be provided a Bible "at this time" substantially burdened Plaintiff's sincerely-held religious beliefs. In addition, Plaintiff's factual allegations leave unclear whether Defendant told him he would not be given a Bible or that he would not be given a Bible *at that time*. Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment. His First Amendment claim is subject to dismissal.

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety for failure to state a claim on which relief could be granted. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not

supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint.

Plaintiff must write the number of this case (26-3374) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count in the amended complaint, Plaintiff must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff must provide enough facts for the Court to conclude that if the facts alleged are true, Plaintiff has stated a plausible claim for relief. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein. He may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which portion of the form they are intended to supplement.

Finally, Plaintiff must sign his amended complaint. Rule 11 of the Federal Rules of Civil Procedure provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, the Court's Local Rules provide that complaints under 42 U.S.C. § 1983 must be submitted on the Court's official forms, which require a signature. *See* D. Kan. Rule 9.1(a); (Doc. 1, p. 5). Plaintiff must ensure that his amended complaint is signed.

If Plaintiff fails to timely file a signed amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **November 5, 2026,** to file a complete and proper amended complaint that cures all the deficiencies identified in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

DATED: This 2nd day of October, 2026**,** at Kansas City, Kansas**.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**