FILED
U.S. District Court
District of Kansas
10/15/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3374-JWL**

**E. MONTGOMERY,**

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff and state pretrial detainee Malik W. Dorsey filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is currently incarcerated at the Saline County Jail ("SCJ") in Salina, Kansas and has been granted leave to proceed in forma pauperis (Doc. 3). This matter comes now before the Court on Plaintiff's amended complaint (Doc. 6), filed on October 14, 2026. The Court has conducted the statutorily required review of the amended complaint and finds that, like the initial complaint, it fails to state a claim on which relief could be granted. Therefore, this matter will be dismissed without prejudice.

### I. Procedural History and Initial Complaint

Plaintiff filed his initial complaint on October 1, 2026. (Doc. 1.) He named SCJ Officer E. Montgomery as the sole Defendant and, as the background of the case, Plaintiff alleged that he requested a Bible but on April 24, 2026, Defendant told Plaintiff that she was aware of his request but "not at this time." *Id.* at 2. Plaintiff further explained that Defendant told him "the [captain] is aware we are not giving you a Bible." *Id.* at 4 (all errors in original). The sole count of the complaint asserted that this violated Plaintiff's rights under the First and Third Amendments. *Id.* at 3. Plaintiff did not specify the relief he sought, nor did he sign the complaint. *Id.* at 6.

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes Plaintiff's pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court does "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court screened the complaint and, on October 2, 2026, issued a memorandum and order ("M&O") that explained that this case was subject to dismissal because the complaint failed to state a plausible claim for relief. (Doc. 4, p. 3.) The M&O first noted that even liberally construed and taken as true, Plaintiff's alleged facts did not seem to implicate the protections of the Third Amendment. *Id.* at 3-4. It then stated:

> Plaintiff's First Amendment claim, however, can be liberally construed as asserting a violation of the First Amendment's Free Exercise Clause, which "protects religious exercises." *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.
>
> Plaintiff's failure to allege specific facts is fatal to his First Amendment claim. Even liberally construing the pro se complaint, Plaintiff does not explain *how* Defendant telling him that he would not be provided a Bible "at this time" substantially burdened Plaintiff's sincerely-held religious beliefs. In addition,

> Plaintiff's factual allegations leave unclear whether Defendant told him he would not be given a Bible or that he would not be given a Bible *at that time*. Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment. His First Amendment claim is subject to dismissal.

(Doc. 4, p. 4.)

The M&O concluded by granting Plaintiff time to file a signed amended complaint that cured the deficiencies. *Id.* at 4. As noted above, Plaintiff timely filed a signed amended complaint. (Doc. 6.) The Court has screened the amended complaint as required by statute, applying the same screening standards set forth in detail in the M&O. (*See* Doc. 4, p. 2-3.)

**II. The Amended Complaint (Doc 6. )**

Like the initial complaint, the amended complaint names only E. Montgomery as a defendant and asserts only one claim: that Defendant Montgomery violated Plaintiff's right to free exercise of his religious beliefs, as protected by the First and Fourteenth Amendments. (Doc. 6, p 1-3.) Plaintiff states in the amended complaint that on April 24, 2026, he used the SCJ kiosk to ask for a Bible. *Id.* at 2. The same day, Defendant Montgomery told him: "[W]e are aware you can not get a Bible at this time" or "[W]e are aware you want a Bible not at this time." *Id.* at 2-4 (all errors in original). Plaintiff broadly asserts that this "interfere[ed with his] faith" and "substantially burden[ed his] right to practice [his] religion." *Id.* at 2, 4. As relief, Plaintiff seeks $800,000,000.00.

**III. Discussion**

Even liberally construing the pro se amended complaint, it fails to allege specific facts that show "*how* Defendant telling him he would not be provided a Bible 'at this time' substantially burdened Plaintiff's sincerely held religious beliefs." (*See* Doc. 4, p. 4.) Although Plaintiff generally asserts that being told—on the same day he requested a Bible—that he could not have a Bible "at this time" interfered with his faith and substantially burdened his ability to practice his

religion, "a pro se litigant's 'conclusory allegations without supporting fact[s] . . . are insufficient to state a claim upon which relief can be based.'" (*See* Doc. 4, p. 3 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).) To state a plausible claim, Plaintiff must do more than assert conclusions or recite the elements of a cause of action. (*See* Doc. 4, p. 4 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 558 (2001)).)

Because the amended complaint does not allege sufficient facts to show that Defendant substantially burdened Plaintiff's sincerely held religious beliefs, it fails to state a plausible claim for relief. Plaintiff has not taken advantage of the opportunity already granted to submit a complaint that states a plausible claim for relief. Thus, the Court declines to allow Plaintiff further opportunities to amend. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED: This 15th day of October, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge